UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL LIETZKE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF MONTGOMERY, et al.,<br><br>    Defendants. | Case No. 17-cv-07242-MEJ<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On December 20, 2017, Plaintiff Bill Lietzke filed a Complaint and an Application to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appl., Dkt. No. 3. A district court may authorize the start of a civil action in forma pauperis if the court is satisfied that the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Plaintiff submitted the required documentation demonstrating he is unable to pay the costs of this action, and it is evident from the Application that his assets and income are insufficient to enable him to pay the fees. *See* Appl. Accordingly, the Court **GRANTS** Plaintiff's Application to Proceed In Forma Pauperis.

Not all parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). *See Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) (named, but un-served defendants "became parties to the action when [the plaintiff] filed the complaint. Thus, their consent was required under § 636(c)(1) from the outset."). Accordingly, the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

**SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

**A.  Legal Standard**

While the Court has granted Plaintiff's Application to Proceed In Forma Pauperis, it must also review Plaintiff's Complaint to determine whether the action may be allowed to proceed. The Court must dismiss the Complaint if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.  Allegations in the Complaint**

Plaintiff alleges that on August 2, 1999, "the County of Montgomery, Et Al abducted and kidnapped the Plaintiff without probable cause . . . and dragged the Plaintiff to Jackson Hospital, 1725 Pine Street, dragged the Plaintiff to Montgomery County Probate, 100 South Lawrence Street, and dragged the Plaintiff to Greil Memorial Psychiatric Hospital, 2140 Upper Wetumpka Road[.]" Compl. ¶ 6; *see id.* ¶¶ 7, 11-14 (repeating events occurring on August 2, 1999). These acts constitute a violation of Plaintiff's First Amendment rights, including his right to peaceably assemble; Second Amendment right to bear arms; Fourth Amendment right to be free of unreasonable search and seizure; and Fifth Amendment right against self-incrimination. *Id.* ¶ 6.

Also on August 9, 1999, "the County of Montgomery, Et Al harassed and seized the Plaintiff and dragged the Plaintiff without probable cause . . . back to Jackson Hospital, 1725 Pine Street." *Id.* ¶ 9. On August 11, 1999, "the County of Montgomery, Et Al" took Plaintiff to

"'Greil Memorial Psychiatric Hospital,' 2140 Upper Wetumpka Road, Montgomery, Alabama where the Plaintiff was incarcerated and could not leave." *Id.* ¶ 10.

On December 19, 2002, "the County of Montgomery, Et Al, Reese Mckinney, D.T. Marshall through Montgomery sheriff's officers, trespassed the premises of 547 South Perry Street in Montgomery, Alabama and abducted and kidnapped the Plaintiff" from that residence, "and dragged the Plaintiff . . . to Greil Memorial Psychiatric Hospital" where he was incarcerated and could not leave. *Id.* ¶ 15. During these events, "the County of Montgomery, Et Al" deprived Plaintiff of his freedom of movement, procured his false imprisonment, engaged in first degree kidnapping, violated Plaintiff's Fourth Amendment rights, and subjected Plaintiff to multiple unwanted physical contacts. *Id.* ¶¶ 18-21.

On December 23, 2002, "the County of Montgomery, Et Al" again dragged Plaintiff to Greil Memorial Psychiatric Hospital. *Id.* ¶¶ 16-17.

Plaintiff names as Defendants the County of Montgomery, Reese McKinney, and D.T. Marshall. Plaintiff alleges that based on the foregoing events, he suffered mental anguish, a deprivation of his constitutional rights, and intentional infliction of emotional distress. *Id.* ¶ 22. He indicates he brings this action pursuant to 42 U.S.C. § 1983. Dkt. No. 1-1 (Civ. Cover Sheet). He also attaches "Plaintiff's First Set of Interrogatories." *See* Compl. at ECF pp.7-10. Plaintiff requests punitive and actual damages in the amount of $3 billion. *Id.* at ECF p.6.

**C.  Analysis and Screening**

Based on the allegations of the Complaint, the Court lacks jurisdiction to consider this case. As alleged, the events giving rise to Plaintiff's lawsuit took place in Alabama. The Court lacks specific jurisdiction over this matter. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." (internal quotation marks omitted)). Nor is there any indication the individual Defendants reside in California or have the requisite minimum contacts with California so as to confer jurisdiction over them. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) ("The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among

the defendant, the forum, and the litigation." (internal quotation marks omitted)).

Even if Plaintiff could allege facts establishing jurisdiction is proper, the statute of limitations would bar his claims. "Section 1983 does not contain its own statute of limitations." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014). As such, "federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Id.* (internal quotation marks omitted). "California's statute of limitations for personal injury claims is two years." *Butler*, 766 F.3d at 1198 (citing Cal. Civ. Proc. Code § 335.1). The alleged events took place at the earliest in 1999 and at the latest in 2002. Plaintiff did not initiate this lawsuit until 2017 – long after the two-year statute of limitations ran out. Dismissal without leave to amend is thus appropriate on this ground as well.

## CONCLUSION

Based on the analysis above, the Court **GRANTS** the Application to Proceed In Forma Pauperis. As Plaintiff did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: December 27, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

4